IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT RIDGWAY,** | : | Civil No. 1:12-CV-1796 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MICHAEL ASTRUE,** | : | |
| **Commissioner of Social Security** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

**I.     Introduction**

In this case we are asked to consider whether substantial evidence supports an ALJ's decision denying benefits to the plaintiff, when the ALJ's decision included a form of *ad hoc* lay medical analysis by the ALJ expressed in terms that have been repeatedly rejected and criticized by the courts, a lay opinion which was also inconsistent with the factual findings set forth in the ALJ's decision. Finding that these errors, in combination, lead us to conclude that the ALJ's decision is not supported by substantial evidence, we will order that this case be remanded for further consideration by the Commissioner.

## II.     Statement of Facts and of The Case

The plaintiff, Robert Ridgway, was approximately 40 years old at the time of the alleged onset of his disability and had completed the 12th grade of high school in a special education program. (Tr. 42-43.) On June 3, 2009, Ridgway applied for Supplemental Security Income benefits, claiming that he had become disabled on May 15, 2009, as a result of a constellation of physical and mental conditions, including serious low back pain due to degenerative disc disease and a congenital spine abnormality, fibromyalgia, depression, anxiety, GERD, and Irritable Bowel Syndrome. (Tr. 112-115.)

On November 3, 2010, an ALJ conducted a hearing in Ridgway's case. (Tr. 37-68.) At this hearing, Ridgway and a vocational expert appeared and testified. (Id.) Following this hearing, on January 21, 2011, the ALJ issued a decision, denying Ridgway's application for benefits. (Tr. 9-25.) In reaching this decision, the ALJ found that Ridgway suffered from a series of severe impairments including fibromyalgia, degenerative disc disease, congenital spine abnormality, major depressive disorder, and bipolar disorder. (Tr. 11.) The ALJ also recognized that Ridgway's claims of intractable pain due to these disorders was a crucial component of this disability claim. The ALJ's treatment of the question of Ridgway's pain, however, was speculative and inconsistent.

At the outset, the ALJ's decision thoroughly documented the treatment that Ridgway sought over the years for his fibromyalgia and other pain-related syndromes. (Tr. 14-22.) In the course of this discussion, the ALJ specifically noted the effect of this disabling pain upon Ridgway's gait and ability to walk, and ultimately concluded that Ridgway "also requires the use of a cane for ambulation." (Tr. 14.)

However, after carefully documenting Ridgway's complaints of pain, and concluding that Ridgway could not longer walk without a cane, the ALJ summarily discounted Ridgway's medically documented claims of pain as disabling in a fashion which seemed to express a lay medical opinion, stating:

> In this case, the claimant's case in establishing disability concerning his physical impairments is also directly dependent on the element of pain which is of an intractable nature. Pain is subjective and difficult to evaluate, both quantitatively and qualitatively. Nevertheless, most organic diseases produce manifestations other than pain and it is possible to evaluate the underlying processes and degree of resultant impairment by considering all of the symptoms. Generally, when an individual has suffered pain over an extended period, there will be observable signs such as a significant loss of weight, an altered gait or limitation of motion, local morbid changes, or poor coloring or station. In the present case, the claimant has complained of pain over an extended period of time. *None of the above signs of chronic pain are evident*. While not conclusory by itself, this factor contributes to the determination that the claimant is not disabled as a result of pain.

(Tr. 23.)(emphasis added.)

3

Thus, the ALJ's decision in this case rested, in large part, on the ALJ's decision to discount Ridgway's medically supported complaints of intractable pain. That decision, in turn, was based largely upon a lay, *ad hoc* medical opinion by the ALJ regarding how Ridgway's pain should have manifested itself. Moreover, this lay opinion was further undermined by an internal inconsistency. The ALJ discounted Ridgway's claims of pain, in part, based upon a finding that this pain should be confirmed by "an altered gait or limitation of motion," stating that: "In the present case, the claimant has complained of pain over an extended period of time. *None of the above signs of chronic pain are evident*." (Tr. 23.)(emphasis added.)  Yet, the ALJ's decision contradicted this conclusion that Ridgway displayed no altered gait due to pain since the ALJ expressly concluded that Ridgway "also requires the use of a cane for ambulation." (Tr. 14.)

After exhausting his administrative appeals of this adverse ALJ decision, Ridgway filed this civil action seeking judicial review of the ALJ's disability determination. (Doc. 1.) The parties have fully briefed this matter, (Docs. 9 and 10.), and this case is now ripe for resolution. For the reasons set forth below, we find that it is necessary for this matter to be remanded

III. **Discussion**

    A. **Standards of Review–The Roles of the Administrative Law Judge and This Court**

        1. **Initial Burdens of Proof , Persuasion and Articulation for the ALJ**

Resolution of the instant social security appeal involves an informed consideration of the respective roles of two adjudicators–the Administrative Law Judge (ALJ) and this Court. At the outset, it is the responsibility of the ALJ in the first instance to determine whether a claimant has met the statutory prerequisites for entitlement to benefits. To receive disability benefits, a claimant must present evidence which demonstrates that the claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), "work which

exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

In making this determination the ALJ employs a five-step evaluation process to determine if a person is eligible for disability benefits. See 20 C.F.R. § 404.1520. See also Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). If the ALJ finds that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. See 20 C.F.R. § 404.1520. As part of this analysis the ALJ must sequentially determine, first, whether the claimant is engaged in substantial gainful activity. If a claimant is not engaged in gainful activity, the ALJ must then determine at step two whether the claimant has a severe impairment. If a claimant fails to show that his impairments are "severe," he is ineligible for disability benefits. See Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). The Regulations provide that a "severe" impairment is an "impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §404.1520.

With respect to this threshold showing of a severe impairment, the showing required by law has been aptly described in the following terms: "In order to meet the step two severity test, an impairment need only cause a slight  abnormality that

has no more than a minimal effect on the ability to do basic work activities. 20 C.F.R. §§ 404.1521,416.921; S.S.R. 96-3p, 85-28. The Third Circuit Court of Appeals has held that the step two severity inquiry is a *'de minimus*screening device to dispose of groundless claims.' McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir.2004); Newell v. Comm. of Soc. Sec., 347 F.3d 541, 546 (3d Cir.2003). 'Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.' Id." Velazquez v. Astrue, No. 07-5343, 2008 WL 4589831, *3 (E.D. Pa., Oct. 15, 2008). Thus, "[t]he claimant's burden at step two is 'not an exacting one.' McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir.2004).

Once this threshold, *de minimus* showing is made, "[i]n step three, the ALJ must determine whether [a claimant's] impairment matches, or is equivalent to, one of the listed impairments. See Plummer, 186 F.3d at 428. If the impairment is equivalent to a listed impairment, then [the claimant] is *per se* disabled and no further analysis is necessary. See id." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). The claimant, "bears the burden of presenting medical findings showing that her impairment meets or equals a listed impairment. Burnett v. Commissioner, 220 F.3d 112, 120 n. 2 (3d Cir. 2000). 'For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely,

7

does not qualify.' Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)." Hernandez v. Comm'r of Soc. Sec., 198 F. App'x 230, 234 (3d Cir. 2006). This Step 3 analysis must also be accompanied by a discussion of the evidence which is sufficient to permit informed judicial review. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 120 (3d Cir. 2000).

Finally at Steps 4 and 5, the ALJ must consider whether the claimant's impairment prevents the claimant from doing past relevant work; and whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. § 404.1520. This disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he is unable to engage in past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). If the ALJ finds that a Plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. See 20 C.F.R. § 404.1520.

The ALJ's disability determination must also meet certain basic procedural and substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this

disability determination. Thus, in order to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Id. at 706-707. In addition, "[t]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." Schaudeck v. Com. of Soc. Sec., 181 F. 3d 429, 433 (3d Cir. 1999).

### 2.     Judicial Review of ALJ Determinations–Standard of Review

Once the ALJ has made a disability determination, it is then the responsibility of this Court to independently review that finding. In undertaking this task, this Court applies a specific, well-settled and carefully articulated standard of review. In an action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying plaintiff's claim for disability benefits, Congress has specifically provided that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).

The "substantial evidence" standard of review prescribed by statute is a deferential standard of review. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). When reviewing the denial of disability benefits, we must simply determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)." Johnson, 529 F.3d at 200. See also Pierce v. Underwood, 487 U.S. 552 (1988). It is less than a preponderance of the evidence but more than a mere scintilla of proof. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).

A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the

evidence does not prevent [the decision] from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966). Moreover, in conducting this review we are cautioned that "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.' Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir.1997); see also Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991) ('We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.')." Frazier v. Apfel, No. 99-715, 2000 WL 288246, *9 (E.D. Pa. March 7, 2000). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

   **3.** **Legal Benchmarks for Assessing a Claimant's Allegations of Pain**

  This case entails evaluation of an ALJ's assessment of the plaintiff's claims of chronic pain. In assessing a claimant's allegations of pain, we begin by recognizing that "[t]estimony of subjective pain and inability to perform even light work is entitled to great weight." Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir.1979),

Given the "great weight" which this evidence should receive, an ALJ may only "reject a claim of disabling pain where he 'consider[s] the subjective pain and specif[ies] his reasons for rejecting these claims and support[s] his conclusion with medical evidence in the record.' Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir.1990)." Harkins v. Comm'r of Soc. Sec., 399 F. App'x 731, 735 (3d Cir. 2010).

Where a disability determination turns on an assessment of the level of a claimant's pain, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529. Such cases require the ALJ to "evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Cases involving an assessment of subjective reports of pain "obviously require[ ]" the ALJ "to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." Id. In making this assessment, the ALJ is guided both by statute and by regulations. This guidance eschews wholly subjective assessments of a claimant's disability. Instead. at the outset, by statute the ALJ is admonished that an "individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic

12

techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all the evidence. . . , would lead to a conclusion that the individual is under a disability." 42 U.S.C. § 423(d)(5)(A).

Applying this statutory guidance, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529. Under these regulations, first, symptoms, such as pain, shortness of breath, and fatigue, will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings. 20 C.F.R. § 404.1529 (a)-(c). Once a medically determinable impairment which results in such symptoms is found to exist, the Commissioner must evaluate the intensity and persistence of such symptoms to determine their impact on the claimant's ability to work. 20 C.F.R. § 404.1529 (a)-(c). In so doing, the medical evidence of record is considered along with the claimant's statements. 20 C.F.R. § 404.1529 (a)-(c). Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements regarding his symptoms: "In general, the extent to which an individual's statements about symptoms can be relied

upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p. SSR 96-4p provides that "Once the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the pain or other symptoms alleged has been established on the basis of medical signs and laboratory findings, allegations about the intensity and persistence of the symptoms must be considered with the objective medical abnormalities, and all other evidence in the case record, in evaluating the functionally limiting effects of the impairment(s)." SSR 96-4p.

There is a necessary corollary to this rule governing ALJ treatment of medical evidence concerning a claimant's pain.  It is also well-settled that:

> Because they are not treating medical professionals, ALJs cannot make medical conclusions in lieu of a physician:  ALJs, as lay people, are not permitted to substitute their own opinions for opinions of physicians. This rule applies to observations about the claimant's mental as well as physical health.  As the Seventh Circuit stated, "[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."

14

> Accordingly, "[a]n ALJ cannot disregard medical evidence simply because it is at odds with the ALJ's own unqualified opinion." Nor is the ALJ allowed to "play doctor" by using her own lay opinions to fill evidentiary gaps in the record. Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, § 6:24 (2013) (citations omitted).

Biller v. Acting Comm'r of Soc. Sec., 962 F. Supp. 2d 761, 779 (W.D. Pa. 2013).

### B.  The ALJ's Decision Is Not Supported By Substantial Evidence and Will be Remanded

Judged against these legal guideposts, we find that the ALJ erred in her assessment of Ridgway's complaints of intractable pain in a way which compels a remand of this case for further consideration. Specifically, we find that the ALJ erred when discounting Ridgway's own complaints of persistent pain in a manner which seemed to express a lay medical opinion, by stating:

> In this case, the claimant's case in establishing disability concerning his physical impairments is also directly dependent on the element of pain which is of an intractable nature. Pain is subjective and difficult to evaluate, both quantitatively and qualitatively. Nevertheless, most organic diseases produce manifestations other than pain and it is possible to evaluate the underlying processes and degree of resultant impairment by considering all of the symptoms. Generally, when an individual has suffered pain over an extended period, there will be observable signs such as a significant loss of weight, an altered gait or limitation of motion, local morbid changes, or poor coloring or station. In the present case, the claimant has complained of pain over an extended period of time. *None of the above signs of chronic pain are evident*. While not conclusory by itself, this factor contributes to the determination that the claimant is not disabled as a result of pain.

15

(Tr. 23.)(emphasis added.)

In our view, this conclusion is erroneous on two scores, each of which compels a remand of this matter.  First, the ALJ's decision to discount these claims of pain is internally inconsistent with the residual functional capacity assessment made by the ALJ.  When discounting Ridgway's claims of pain, the ALJ opined that this pain should be confirmed by "an altered gait or limitation of motion," and stated that: "In the present case, the claimant has complained of pain over an extended period of time. *None of the above signs of chronic pain are evident*."  (Tr. 23.)(emphasis added.)  Yet, in framing an RFC for Ridgway, the ALJ contradicted this conclusion that Ridgway displayed no altered gait due to pain since the ALJ expressly found that Ridgway "also requires the use of a cane for ambulation."  (Tr. 14.)  This inconsistency, standing alone, compels a remand here to reconcile the ALJ's legal conclusions with her factual findings.

Moreover, we are also constrained to note that the precise language found in this opinion and relied upon by the ALJ to reject Ridgway's claims of pain has been used in the past by ALJs to discount complaints of pain, and has been roundly condemned by the courts.  Thus, in the past we have criticized this type of sweeping generalization on two different grounds, finding that it is either an unsupported factual conclusion or an improper lay medical opinion.  Wolfe v. Colvin, CIV.A.

3:12-1868, 2014 WL 1689967 (M.D. Pa. Apr. 29, 2014); Reader v. Colvin, 1:12-CV-1623, 2014 WL 1653090 (M.D. Pa. Apr. 24, 2014); Goss v. Astrue, 1:12-CV-1349, 2014 WL 888497 (M.D. Pa. Mar. 6, 2014); Witkowski v. Colvin, 1:CV-13-0161, 2014 WL 580204 (M.D. Pa. Feb. 12, 2014), comparing Kostelnick v. Astrue, No. 12–CV–901, 2013 WL 6448859, at *7 (M.D.Pa. Dec. 9, 2013); Kinney v. Astrue, No. 11–CV–1848, 2013 WL 877164, at *2–3 (M.D.Pa. Mar. 8, 2013); Ennis v. Astrue, No. 11–CV–1788, 2013 WL 74375, at *8 (M.D.Pa. Jan. 4, 2013); Hughes v. Astrue, No. 10–CV–2574, 2012 WL 833039, at *12–13 (M.D.Pa. Mar. 12, 2012); Daniels v. Astrue, No. 08–CV–1676, 2009 WL 1011587, at *17 (M.D.Pa. April 15, 2009)(finding language to be unsupported factual finding); with Ferari v. Astrue, No. 07–CV–1287, 2008 WL 2682507, at *7 (M.D.Pa. July 1, 2008); Morseman v. Astrue, 571 F.Supp.2d 390, 396–97 (W.D.N.Y.2008)(finding this language to be an improper lay medical opinion).

The ALJ's reliance upon this erroneous boilerplate language is particularly troublesome in this case which involved a diagnosis of fibromyalgia since fibromyalgia is notable its lack of objective diagnostic signs. In fact, in Foley v. Barnhart, 432 F.Supp.2d 465 (M.D.Pa. 2005), this Court recognized that with respect to determinations involving fibromyalgia, it is reversible error to require objective findings, since the disease itself eludes such measurement. Id. at 475. While we

appreciate the difficulties and challenges which assessment of the disabling impact of fibromyalgia entails, in our view labels cannot substitute for analysis in this field. Therefore, an ALJ cannot dismiss the claimant's medically supported description of intractable pain, by simply substituting her own medically invalid lay opinion, particularly when the ALJ finds that the claimant suffers from fibromyalgia, a diagnosis that is recognized as a disabling condition.  Foley v. Barnhart, 432 F.Supp.2d 465  (M.D.Pa. 2005).

Accordingly, the ALJ's reliance upon this inappropriate lay opinion, coupled with the failure to reconcile the inconsistencies between this lay opinion and the facts found by the ALJ, compels us to recommend that this case be remanded for further proceedings.  Yet, while case law calls for a remand and further proceedings by the ALJ in this case assessing Ridgway's claim under the five-step sequential analysis applicable to such claims in accordance with this opinion, nothing in this opinion should be construed as suggesting what the ultimate outcome of that final and full analysis should be.  Instead, we simply direct that this analysis on remand reconcile these inconsistencies and refrain from a lay medical judgment of the type which has been disapproved by this Court in the past.

An appropriate order will follow.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATE: September 30, 2014